Good morning, Your Honors, and may it please the Court. My name is Bradley Hyde with Latham Watkins Pro Bono Counsel for Ms. Sylvia Ayala. I'd like to reserve one minute for rebuttal. This Court has jurisdiction to review an immigration judge's challenge to an immigration judge's reasonable fear determination. Specifically, this Court has jurisdiction over final orders of removal under 8 U.S.C. 1252A1. Now, the limitation on 1252A1 is found in 1252B1, which requires a petition for review to be filed within 30 days of a final order. Under Ortez Alfaro v. Holder, a reinstatement order is an order of removal for the purposes of 8 U.S.C. 1252A1. And in Ortez, the Court stated that as long as an administrative proceedings are ongoing in Ortez's case, his reinstated removal order is not final. The Court clarified that when it comes to review of the I.J.'s reasonable fear determination, the proceedings are complete when the I.J. determines that an applicant does not have a reasonable fear of persecution. Now, up to this point, according to their briefs, the government is in agreement with everything I just said. The area of contention comes at what happens when an applicant files a motion to reopen or reconsider the I.J.'s reasonable fear determination. The answer to that question is that filing a motion to reopen or reconsider opens a separate administrative review path whose proceedings are not complete until the BIA denies or dismisses that motion. 8 U.S.C. 1252B6 states that when a petitioner seeks review of an order under this section, any review of the motion to reopen or reconsider shall be consolidated with a review of that order. And in Cruz v. Mukasey, the Court cited Supreme Court's holding in Stone v. INS stating the consolidation provision of 1252B6 contemplates two separate petitions for review, one from the BIA's decision, ordering a petitioner removed, and another from the BIA's decision denying a motion to reopen or reconsider. Now here, it's not even clear that the government disagrees that motions to reopen or reconsider are separate reviewable orders, as this Court and Supreme Court has held. The government instead appears to make two contradictory arguments. First, citing Ortez Alfaro, it argues that the reasonable fear proceedings are complete when the I.J. affirms the immigration officer's reasonable fear determination. And thus, the motions to reopen or reconsider are also final at that point, even if they haven't been filed yet. Second, it argues that Ms. Ayala's motion to reopen or reconsider were complete when the I.J. denied her motion to reopen or reconsider because the denial was not appealable to BIA. Thus, her administrative remedies were exhausted. The first argument is just an attempt to conflate the finality of the underlying reasonable fear determination with the finality of the motion to reopen or reconsider proceedings, which is in clear conflict with Stone v. Ines and Ortez Alfaro, since the motion to reconsider or reopen is clearly a separate reviewable process. The second argument fails because the I.J.'s denial of Ms. Ayala's motion to reconsider or reopen was appealable to the BIA. And under the Court's jurisprudence, Ms. Ayala was required to exhaust her administrative remedies before filing her petition for review. Now, the government relies on 8 CFR 1208.31, the Bar and Appeals from Reasonable Fear Determinations, to conclude that the appeals for motions to reopen or reconsider are also barred. This is wrong for four reasons. First, as discussed previously, conflating the underlying decision with the motion to reconsider or reopen that decision is contrary to statutory and case law. Second, the plain text of 1208.31 does not bar motions to reopen or reconsider. The text reads, if an immigration judge concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution and torture, the case shall be returned to the service for removal of an alien. No appeal shall lie from the immigration judge's decision, that being the reasonable fear determination. The regulation does not say that an immigrant will also be denied the right to file a motion to reopen or reconsider, and which is provided for in all cases by 8 CFR 1003.23b. Specifically, under 8 CFR 1003.23b.1, an immigration judge may, upon his or her own motion at any time, upon the motion of the service of the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals. Furthermore, section 1003.23b.4i of the regulation contemplates proceedings involving withholding of a removal in asylum. So there's no real argument that you can't file a motion to reopen or reconsider on a reasonable fear determination. Now 8 CFR 1003.1b.3 states that appeals may be filed with the Board of Immigration Appeals from the following. It states, decisions of immigration judges and removal proceedings, as provided in 8 CFR part 1240. Now 8 CFR 1241a.1.3 grants the IJ authority to order withholding or removal pursuant to section 241b.3 of the Act and pursuant to the Convention Against Torture. So the IJ has authority to hear motions to reopen or reconsider in reasonable fear determinations, and the BIA has authority to hear appeals of those motions to reopen or reconsider. Now third, even if the regulation could theoretically be read that broadly, under INS v. St. Czar, any ambiguities in the statute must be read in favor of the immigrant. Fourth, and perhaps more importantly, if you look at the record at 41, the GOJ itself read the regulatory text to allow appeals of motions to reopen or reconsider, and it specifically told Ms. Ayala to appeal the IJ's denial of her motion to reconsider to the BIA. And that's record at 41, Your Honors. Now since the BIA had jurisdiction, Ms. Ayala was required to exhaust her administrative remedies before petitioning this Court. In Lee v. Holder, this Court stated that thus, if an order that would otherwise be final for purposes of jurisdiction depends in part or in whole on an unresolved matter, we do not review it. In Fajardo v. INS, the Court stated that BIA summarily affirming the IJ's order constitutes a final agency decision under review. Thus, since Ms. Ayala's petition for review of the BIA's decision was filed within four days of that decision, well within the 30-day window required by 1252b1, this Court has jurisdiction and should remand the case back to the BIA to determine whether the IJ abused its discretion in denying Ms. Ayala's motion. Additionally, in Lynn v. Gonzalez, this Court held that it had jurisdiction to review the denial of a motion to reopen where the BIA dismissed the appeal for lack of jurisdiction. Thus, even if this Court finds that BIA did not have jurisdiction, this Court still has jurisdiction over the IJ's denial of Ms. Ayala's motion to reopen or reconsider, even where the BIA dismissed the appeal for lack of jurisdiction, and should remand back to the IJ to re-decide Ms. Ayala's motion to reconsider in light of the errors in the law noted in our brief. Now, if this Court holds that the BIA did not have jurisdiction, and that this Court cannot review the IJ's underlying decision, then we run into serious due process concerns. First, the statute does not explicitly bar appeals for motions to reopen or reconsider. It merely bars appeals from the reasonable fear determination, and as stated before, in INS v. St. Sarah, the Supreme Court held that ambiguities in the statute and regulatory scheme must be construed in favor of the immigrant. Now, also, such a decision would run afoul of the common notions of fair play and substantial justice, because, as discussed before, the DOJ specifically told the Court that the  motion to reconsider in light of the errors in the law noted in our brief. Kennedy, you only have a little under 3 minutes left. After you get through all of that, then we have to get to the merits, right? Not the merits of the underlying reasonable fear determination, Your Honor. The only thing before the Court today is the motion to reconsider. It was first whether the BIA had jurisdiction and whether they should be re-mandated back down to the BIA, which is the first decision. If you decide that the BIA does have jurisdiction, you don't need to decide the second issue. If you decide, however, that the BIA does not have jurisdiction, then the only decision is whether the IJ erred in its motion to reconsider a reopened standard, not whether there was actual reasonable fear, because that was not timely appealed. But wasn't there an underlying error that, because we have held, they said she had no merit to reclaim because it reduced to extortion, and we've held that under certain circumstances, extortion can be persecution? Absolutely right, Your Honor. So if you get to the decision, if you hold that the BIA does not have jurisdiction, and you end up deciding whether the IJ abused its discretion in applying the motion to reconsideration standard, then you should hold that the IJ abused its discretion. He abused its discretion because he held that extortion could never be the basis for a reasonable fear of persecution. And under this Court's jurisprudence in Borja, extortion tied to a particular social group, like family status, could hold a reasonable fear of persecution under the extortion plus standard. So the IJ was required to, when Ms. Ayala came up and said that she was being extorted based on her family, to determine whether she rose to the standard of Borja and thus had reasonable fear. Since he did not do this, if the Court decides that the BIA does not have jurisdiction, this Court should decide that the IJ abused its discretion by not evaluating whether she rose to the standard of extortion plus. Thank you, Counselor. You'll give me a minute or two after rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Mr. Timothy Hayes on behalf of the Attorney General. Agency regulations vest primary responsibility for the handling of reasonable fear determinations with the Department of Homeland Security. Only when an individual seeks review of a negative reasonable fear determination by an asylum officer do the regulations permit the EOIR, which is where the immigration judges are housed, to become involved. And even then, only in a very limited way, the immigration judge may review the DHS officer's determination and either affirm or vacate it. If the IJ affirms it, the Board has no role to play, which brings us to the heart of this petition. Consistent with these regulations, this Court noted in Ortiz-Alfaro that once the immigration judge determines that an individual does not have a reasonable fear of persecution, that individual will have, quote, no further recourse under 8 CFR 1208.31 and may petition for review at that time. Ms. Ayala did not timely petition for review. The IJ affirmed the negative reasonable fear determination in her case. Could you help me with reading this statute? Because I don't see where this, as I'm looking at your statute that you just cited. Is it on the, you mean the regulation, Your Honor? The regulation. Okay, hold on one second. 8 CFR 1208.31. Okay. So you got down to G, right? G, right. So it says it's subject to review by an immigration judge. And then if the immigration judge concurs that there's no reasonable fear, it says You're at G1, right? Yeah, G1. The case shall be returned to the service for removal. No appeal shall lie from the immigration judge's decision. Yes, Your Honor. So take me from there, that language, to where it says that it says no appeal, when we're supposed to assume that's no appeal to the BIA? Right, no administrative appeal, period, which would be the BIA. Okay. And you want me to extrapolate that to motions reopening? Where it goes to a petition for review. Oh, okay, Your Honor. Well, it goes to a petition for review from that point, because under 1252 D1, the petitioner is required to exhaust his or her administrative remedies. They're exhausted at this point because of this regulation. So then the B2, 1252 B2 kicks in and says you must file a petition within 30 days from the date of that decision. The reason why it's considered So where's 1252 B2? Where does that say that? Okay. Do you want me to wait, Your Honor? No, I don't want you to wait. I want you to say, where did in 1252, what is the language there? Okay. 1252 A1 says the court has jurisdiction to review a final order of removal. A reinstatement order, which reasonable fears are part of, is considered an order of removal. That was established in Morales v. Schiardo and Ortiz v. Alfaro and a few other cases. So you're saying if G1 occurs, there will be a final order of removal? Yes. And that kicks in the 30 day. Is this where the office, I don't know what you have, told her to appeal to the BIA instead of to the filing petition for review? Well, Your Honor, the actual reasonable fear determination said no appeals shall lie from this decision. This is final. What they're referring to is they also filed a motion to reconsider with the immigration judge subsequent to that decision. That very immigration judge? Yes. Yes, Your Honor. Okay. And that immigration judge denied the motion to reconsider and the clerk, the immigration court's clerk's office attaches a certificate of service to it. And on the certificate of service, it says this order is final unless you, within 30 days, appeal to the board. It's attached to every motion to reopen and reconsider. It doesn't confer jurisdiction. Okay. So I guess what I'm saying is if I were, I mean, just reading this, it's very confusing. And to get the statement after you filed the motion to reconsideration, which I guess you have the right to do under this, but, and then with the clerk, the clerk's office saying now you're supposed to go to the BIA, isn't that kind of confusing? Because you might, I could see how one would, I mean, I could see how one might reasonably think that, oh, well, they're telling me to file for it with the BIA because it's a motion for reconsideration. Well, Your Honor, the law has been plain though. Even if it might be confusing to someone, a layperson. It's confusing to the clerk. Well, it's a borrow plate statement. The board is a creature of... that the government does something and says, well, it's a boiler plate. I mean, it may not have the legal consequence, but you tell people to go appeal and say, well, it's a boiler plate. We didn't really mean it. Well, they didn't tell her to appeal. I mean, the bottom line is they didn't anticipate someone filing a motion to reconsider. These proceedings are kind of new. They've been around since 96, but for some reason they haven't percolated up to the courts of appeals until now. And I'm not sure why that is. But the agency wasn't sort of equipped to deal with this very unique situation. Well, maybe neither was the immigrant equipped to deal with that kind of thing. Well, I argue in Ortiz-O'Farrill, the court told the immigrant what to do. They also told the clerk that. Well, you're right. I can't disagree with you on that. The form has to be updated. Yeah, the form has to be changed at a minimum. But what do we do? What do the equities tell us to do with this person who obviously, I don't know if they say before, because they certainly have competent, and thank you again for doing this pro bono counsel here, that it's confusing. What do we do with this person? Well, I argue again, it's not confusing in the sense of the court in Ortiz-O'Farrill, which was a year before these proceedings went down, told the immigrant what to do. I understand that from a- Let's just say practically, you know. So it was an order of reconsideration. It was denied. The clerk's office said, go to the BIA. They went to the BIA. The BIA, instead of acting promptly, used the whole time to decide that they didn't have jurisdiction. By the time they decided, it was too late for them to go to us. Well, Your Honor- I mean, the 30 days had passed. Don't you think that this is something that you could overlook, that someone following governmental order and doing what he was told, filing it with the BIA instead of with us, and he did that- No, Your Honor. So it was a little late? I mean, I believe Ortiz-O'Farrill makes plain 30 days from the immigration judge's decision. She could have filed 30 days from the denial of the motion to reconsider with the immigration judge, and everything would have been fine. She could have filed with both forms if it really was that confusing between Ortiz-O'Farrill and what the borrow plate form said. But she didn't do that. You don't consider this a petition for review from the order to reconsider? No, it's only from the board. And I think my colleague sort of laid that part out correctly. What the court is reviewing, and it does have jurisdiction to review, is the board's decision saying it had no jurisdiction over the motion to reconsider. If the court does find that the board had jurisdiction, the proper recourse is to remand the board for it to assert jurisdiction. Because we don't know, the board hasn't said anything with regard to the motion to reconsider itself if you were to say the board had administrative appellate jurisdiction over that. But if the board doesn't have- Then the case is over. She untimely petitioned, period, Your Honor. You know, we had until 2014, we had cases in our circuit going all different ways over when an order becomes final and when you should file your notice of appeal. And we had to resolve that en banc. Yep, I remember. Because it's so confusing. But, you know, and I understand that the panel disagrees with me, but I believe Ortiz-Alfaro was pretty plain as to what to do. And I think that- I don't disagree with you. I just don't think that either the government worked it, you know, understood it, appreciated it, and worked it into its practices. And maybe other people remain confused as well. Yeah. Well, I mean, we have a similar issue with reasonable fear form itself. It used to be a checkbox form where the IJA would say affirm or disaffirm, and it didn't provide the court with any reasoning. And we've been remanding tons of cases like that just in order to get more reasoning. Because it doesn't allow the court to perform its review function. So, I mean, there are issues that have to be worked out. And I agree with you that this boilerplate form needs to be changed, at least with respect to these kind of cases. Can I just follow up? You said there's- I've noticed a lot more reasonable fear determination cases recently. What happened? Was there a change in the law, or why are we seeing more of these now? I don't think anyone has tried to get judicial review of it until recently. And when they succeeded in obtaining judicial review, that's why you're starting to see more of them. Reasonable fear takes its twin as credible fear. Like, if someone comes to the border and doesn't have documents and isn't afraid of returning, or is afraid of returning, they get a credible fear interview. And by statute, the court is stripped of jurisdiction for that. But by statute, the court isn't stripped with reasonable fear. So people were kind of assuming that the court had no jurisdiction, even though there was no statutory basis for that. That's why I suspect it hasn't happened until recently. Because that statute, that code, that regulation itself isn't very clear. Well- Where you go next. Like, within that regulation, if I were going to rewrite that, I would make it really clear what the avenue of review is right in that regulation. I think no appeal shall lie from the immigration judge's decision. Says the board has no role to play. It doesn't say to the board, no appeal shall lie to the board. A petition for review should be filed. Oh, I see. You're saying that they should remind- They should put it- Be clear. Yeah. What you're supposed to do, if you're, you know, focusing on the statute that governs reasonable fear determinations, let's just rewrite all the laws. Well, I'm out of time, Your Honor. Okay, thank you so much. Can I ask you, as long as you're going to mediation in the preceding case, do you mind taking this with you? We do, Your Honor. This case, I think it's clear that there's no jurisdiction. So this would not be a mediation case. Well, the mediation assumes that you could- Well, I mean- Even if you're right, you could decide in light of all of this- If the court were to push it, right. But please don't yell at me if it comes back. Let's put it that way. Well, that's a good point. We would never yell at you. Fair enough. We would never yell at you. Maybe we'll give you a trip to Denver. I'd appreciate that, actually. This is another woman who's been living here for 25 years as a citizen child. She came in 91, Your Honor. And then she requested asylum and lost that and returned to Guatemala in 98 and then came back. Wouldn't you? Well, I understand. I understand. Yeah, I think most of my colleagues, we get it. It's very violent. So- Well, okay. We'll assume that you wouldn't commit suicide if you went to mediation. That's a little drastic. Thank you very much, Your Honors. Thank you. A couple quick points, Your Honors. First, I want to say that Cortez does not involve motion to reopen or reconsideration. And the three cases that the government cites as well, or first, third, and fifth circuit cases, do not involve motions to reopen or reconsideration. In NATO, the immigrant filed a petition for review directly from NIJ's decision and did not, like Ms. Ayala, extend the administrative review process via motion to reconsider. Similarly, in Umadi-Lewis, which I'm probably mispronouncing, the immigrant chose not to file a motion to reconsider or reopen and instead attempted to appeal the underlying reasonable fear. I'd like to correct one thing I believe the government misstated, is that they do not have jurisdiction, or this court does not have jurisdiction, if the BIA does not have jurisdiction, as stated in Lynn v. Gonzalez. This court held that it has jurisdiction to review the denial of a motion to reopen, even where the BIA dismissed the appeal for lack of jurisdiction. One other issue as well, as we talked about, the underlying reasonable predetermination and error of law. The government criticized the motion to reconsider that was filed and the specific language that was used there. I've read the motion to reconsider. I agree it's not the best drafted brief. In Fajardo v. INS, the government raised similar arguments. There, the government stated that Fajardo never characterized the claim as one of fraud before the IJ, nor did she move for the IJ to reconsider the decision basis on this new evidence of fraud. In response, the court said the misrepresentations implicitly resound in fraud and the precise language used should not prohibit the resolution of her argument. Here, Ms. Ayala argued for a positive reasonable fear determination based on extortion, which was tied to her family status. Arguing she did not use the precise language of extortion plus that was enumerated in Borja is just another gotcha, similar to the spoiler plate language. You know, closing, Your Honor, the government sends about three or four pages of their brief talking about how this is just an expedited threshold mechanism. The reasonable fear proceedings, the whole asylum process, is just supposed to be able to get the immigrant out of the country quickly. But the problem with doing this wrong, if we make an error in this state, is that we may have sent a petitioner to their death or torture. So while it is an expedited threshold mechanism, it's when we have to do right. And that's all we're asking the court to do today. Your Honor. Thank you very much. Case just argued will be submitted. You are released now after all those cases. Thank you. And thank you and your firm, Leighton Watkins, for doing this pro bono. We appreciate it.
judges: Reinhardt, Wardlaw, Korman